**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

ROMAN S. AMINOV,

     Plaintiff,

-vs-                                                              CASE NO.

EQUIFAX INFORMATION SERVICES
LLC, EXPERIAN INFORMATION
SOLUTIONS, INC., TRANS UNION LLC,
and BANK OF AMERICA, N.A.,

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Roman S. Aminov (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, Equifax Information Services LLC (hereinafter "Equifax"), Experian Information Solutions, Inc. (hereinafter "Experian"), Trans Union LLC (hereinafter "Trans Union") and Bank of America, N.A. (hereinafter "BANA") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.    Today in America there are three major consumer reporting agencies, Equifax Information Services LLC, Trans Union LLC, and Experian Information Solutions, Inc (hereinafter collectively "CRAs").

3.    Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.    When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.    The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Equifax's principal address is in this District, Defendants transact business within this District, and violations described in this Complaint occurred in this District.

9.     Plaintiff is a natural person and resident of Kings County in the State of New York. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S Culver Street, Lawrenceville, Georgia 30046.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.     BANA is a corporation with its principal place of business in the State of North Carolina and is authorized to do business in the State of Georgia through its registered agent, CT Corporation located at 289 South Culver Street, Lawrenceville, Georgia 30046.

20.     BANA is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.     BANA furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

22.     Plaintiff is believed to be a victim of severe identity theft.

23.     Plaintiff is alleged to owe several debts to BANA (collectively "BANA Accounts"):

     i.    BANA partial account number ending in 1153
            Balance of $8,674
            Status of "charge off"

     ii.    BANA partial account number ending in 7541
            Balance of $59,423
            Status of "charge off"

     iii.    BANA partial account number ending in 2820
            Balance of $1,363

Status of "charge off"

24.    Plaintiff does not have an account with BANA.  Plaintiff has never applied himself, nor has he authorized anyone else to apply on his behalf.

25.    On or about February of 2025 Plaintiff began to be contacted by collection agencies as to erroneous debt.

26.    Shortly thereafter Plaintiff obtained copies of his credit reports and learned that there were several fraudulent accounts reported that did not belong to him.

27.    As a result on April 9, 2025, Plaintiff filed a Federal Trade Commission, Report Number 185663362 (hereinafter "FTC Report"). In the aforementioned Report, Plaintiff explained that there were several fraudulent accounts reported on his credit file, including the BANA Accounts that did not belong to him.

28.    As a result of the fraud, on or about April 11, 2025, Plaintiff mailed detailed dispute letters to the CRA's concerning the fraud. In the letter, Plaintiff explained that he was a victim of identity theft and that the BANA Accounts did not belong to him. To confirm his identity, Plaintiff included a copy of his driver's license and social security card. Further, Plaintiff provided images of his filed FTC Identity Theft Report, and other supporting documents.

29.    Plaintiff mailed his detailed dispute letters via USPS Certified Mail to Equifax (9507 1066 1931 5101 4268 43), Experian (9507 1066 1931 5101 4268 29), and Trans Union (9507 1066 1931 5101 4268 05).

30.    On or about May 5, 2025, Equifax responded to Plaintiff's dispute by verifying all of the BANA Accounts.

31.    Equifax failed to do any independent investigation into Plaintiff's disputes but rather parroted the information it received from the furnisher.

32.    Equifax never attempted to contact Plaintiff during the alleged investigation.

33.    Upon information and belief, the CRA's notified BANA of Plaintiff's dispute. However, BANA failed to conduct a reasonable investigation and merely compared their own erroneous data to that provided by the CRA's in connection with the dispute investigation.

34.    On or about May 7, 2025, Trans Union responded to Plaintiff's dispute by stating the BANA Accounts were "removed from your credit report".

35.    On or about May 8, 2025, Experian responded to Plaintiff's dispute by deleting the BANA Accounts.

36.    On May 16, 2025, Plaintiff obtained a copy of his credit reports. To his relief the BANA Accounts were no longer reporting on any of his CRA credit files.

37.     Sometime after on or about November 24, 2025, Plaintiff obtained copies of his credit reports. Upon review, Plaintiff realized that despite the BANA Accounts being removed, they were now being re-reported by the CRAs despite being made aware the BANA Accounts did not belong to Plaintiff.

38.     Upon information and belief, the CRAs violated the FCRA 15 U.S.C. 1681(a)(5)(b)(ii) by failing to notify Plaintiff of the reinsertion of the BANA Accounts on Plaintiff's consumer reports.

39.     Due to the continued inaccurate reporting, on December 3, 2025, Plaintiff mailed another detailed dispute letters to the CRA's. In the letter, Plaintiff explained that he was a victim of identity theft and that the BANA Accounts did not belong to him. To confirm his identity, Plaintiff included a copy of his driver's license and social security card along with images of the erroneous reporting.

40.     Plaintiff mailed his detailed dispute letters via USPS Certified Mail to Equifax (9589 0710 5270 2629 2520 96), Experian (9589 0710 5270 2629 2521 19), and Trans Union (9589 0710 5270 2629 2521 02).

41.     Despite delivery confirmation from the CRAs, Plaintiff never received a copy of his credit report and results as to the investigation of his latest dispute.

42.     On January 9, 2026, Plaintiff obtained copies of his credit reports, and erroneously the CRAs continued to report the erroneous BANA Accounts. All three

(3) disputed accounts were reporting as "charge off" with remaining balances. Such reporting negatively impacted Plaintiff's credit worthiness.

43.     Equifax failed to do any independent investigation into Plaintiff's disputes but rather parroted the information it received from the furnisher.

44.     Equifax never attempted to contact Plaintiff during the alleged investigation.

45.     Experian failed to do any independent investigation into Plaintiff's disputes but rather parroted the information it received from the furnisher.

46.     Experian never attempted to contact Plaintiff during the alleged investigation.

47.     Trans Union failed to do any independent investigation into Plaintiff's disputes but rather parroted the information it received from the furnisher.

48.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

49.     Upon information and belief, the CRA's notified BANA of Plaintiff's dispute. However, BANA failed to conduct a reasonable investigation and merely compared their own erroneous data to that provided by the CRA's in connection with the dispute investigation.

50.    As a result of the continued reporting, on January 19, 2026, Plaintiff again mailed detailed dispute letters to the CRAs. In the letter, Plaintiff explained that he was a victim of identity theft and that the BANA Accounts did not belong to him. To confirm his identity, Plaintiff included a copy of his driver's license and social security card along with images of the erroneous reporting.

51.    Plaintiff mailed his detailed dispute letters via USPS Certified Mail to Equifax (9407 1111 0549 5878 5761 36), Experian (9407 1111 0549 5878 5763 58), and Trans Union (7022 1670 0001 4664 0932).

52.    Plaintiff continued to waste so much time and money attempting to fix Defendants' mistakes.

53.    As of the filing of this Complaint, Plaintiff has not received dispute results as to his most recent detailed dispute letter.

54.    The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the Furnisher.

55.    BANA has not conducted a reasonable investigation despite Plaintiff's numerous pleas.

56.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate

57.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

      i.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

     ii.    Loss of time attempting to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

    iv.    Apprehensiveness to apply for new credit due to the fear of rejection;

     v.    Defamation as Plaintiff's information has been published by Defendants to third parties including but not limited to FICO to calculate Plaintiff's credit score;

vi.    Defendants' have also published erroneous information to the FTC and CFPB by failing to resolve the erroneous reporting on Plaintiff's credit reports.

vii.   The CRAs have also provided Plaintiff's credit information containing the inaccurate collection to several third parties during hard inquiries, soft inquiries and promotional searches.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Negligent)**

58.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

59.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

60.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

61.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

62.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

63.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Roman S. Aminov, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

64.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

65.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

66.    Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

67.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

68.    The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

69.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Roman S. Aminov, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant,

Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT III
### (Violations of 15 U.S.C. § 1681i(a)(5)(B)(ii)
### Defendant, Equifax Information Services LLC (Negligent)

70.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

71.    Upon information and belief, the BANA Accounts were removed from Plaintiff's Equifax consumer report upon information and belief as a result of the a dispute investigation.

72.    Upon information and belief, Equifax reinserted the fraudulent BANA Accounts into Plaintiff's consumer report and failed to provide notice to Plaintiff within five (5) business days as required by the FCRA.

73.    Plaintiff has never received notice as to the reinsertion or deletion of the BANA Accounts after the initial notice.

74.    As a direct result of the conduct, action and/or inaction of Equifax, Plaintiff experienced injury, including without limitation, credit denials, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical

injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

75.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for damages pursuant to 15 U.S.C. § 1681o.

76.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Equifax for actual damages, attorney's fees, litigation expenses, costs of suit, and such further relief as deemed proper.

## <u>COUNT IV</u>
### (Violation of 15 U.S.C. § 1681i(a)(5)(B)(ii)
### Defendant, Equifax Information Services LLC (Willful)

77.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

78.    Upon information and belief, the BANA Accounts were removed from Plaintiff's Equifax consumer report upon information and belief due to an investigation as to Plaintiff's disputes.

79.    Upon information and belief, Equifax reinserted the BANA Accounts onto Plaintiff's consumer report.

80.    Equifax failed to provide notice to Plaintiff within five (5) business days as required by the FCRA. Plaintiff has never received notice as to the reinsertion and/or deletion of the Truist Account.

81.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, credit denials; loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

82.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

83.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Equifax for actual damages, statutory damages, punitive

damages, attorney's fees, litigation expenses, costs of suit, and such further relief as deemed proper.

## COUNT V
## Violations of 15 U.S.C. § 1681i as to
## Defendant, Equifax Information Services LLC (Negligent)

84.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

85.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

86.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

87.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

88.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

89.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Roman S. Aminov, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

90.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

91.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving

notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

92.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, BANA.

93.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

94.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

95.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Roman S. Aminov, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

**<u>COUNT VII</u>**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

96.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

97.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

98.     Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

99.     As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

100.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

101.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Roman S. Aminov, respectfully requests that this Court award actual damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

102.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

103.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

104.    Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

105.    As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

106.    The conduct, action and/or inaction of Experian was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

107.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff Roman S. Aminov, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff his attorney's fees and costs;

award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

108.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

109.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

110.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

111.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

112.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

113.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Roman S. Aminov, respectfully requests that this Court award actual damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT X
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

114.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

115.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation;

(iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

116.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

117.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

118.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

119.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Roman S. Aminov, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant,

Experian Information Solutions, Inc.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## **COUNT XI**
**(Violations of 15 U.S.C. § 1681i(a)(5)(B)(ii)**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

120.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

121.   Upon information and belief, the BANA Accounts were removed from Plaintiff's Experian consumer report upon information and belief as a result of the a dispute investigation.

122.   Upon information and belief, Experian reinserted the fraudulent BANA Accounts into Plaintiff's consumer report and failed to provide notice to Plaintiff within five (5) business days as required by the FCRA.

123.   Plaintiff has never received notice as to the reinsertion or deletion of the BANA Accounts after the initial notice.

124.   As a direct result of the conduct, action and/or inaction of Experian, Plaintiff experienced injury, including without limitation, credit denials, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress,

anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

125.    The conduct, action, and/or inaction of Experian was willful, rendering it liable for damages pursuant to 15 U.S.C. § 1681o.

126.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Experian for actual damages, attorney's fees, litigation expenses, costs of suit, and such further relief as deemed proper.

## COUNT XII
### (Violation of 15 U.S.C. § 1681i(a)(5)(B)(ii)
### Defendant, Experian Information Solutions, Inc. (Willful)

127.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

128.    Upon information and belief, the BANA Accounts were removed from Plaintiff's Experian consumer report upon information and belief due to an investigation as to Plaintiff's disputes.

129.    Upon information and belief, Experian reinserted the BANA Accounts onto Plaintiff's consumer report.

130.   Experian failed to provide notice to Plaintiff within five (5) business days as required by the FCRA. Plaintiff has never received notice as to the reinsertion and/or deletion of the BANA Accounts.

131.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, credit denials; loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

132.   The conduct, action, and/or inaction of Experian was willful, rendering it liable damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

133.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Experian for actual damages, statutory damages, punitive damages, attorney's fees, litigation expenses, costs of suit, and such further relief as deemed proper.

### COUNT XIII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

134.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

135.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

136.    Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

137.    As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

138.    The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

139.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Roman S. Aminov, respectfully requests that this Court award actual damages against Defendant, Trans Union LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

**COUNT XIV**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Trans Union LLC (Willful)**

140.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

141.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

142.   Upon information and belief, Trans Union prevents its agents from calling consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

143.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from

lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

144. The conduct, action and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

145. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Roman S. Aminov, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Trans Union LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT XV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

146. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

147. After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after

receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

148.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

149.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

150.    The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

151.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Roman S. Aminov, respectfully requests that this Court award actual damages against Defendant, Trans Union LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT XVI
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

152.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

153.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

154.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

155.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

156.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

157.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Roman S. Aminov, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Trans Union LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

deem just and proper.

**COUNT XVII**
**(Violations of 15 U.S.C. § 1681i(a)(5)(B)(ii)**
**Defendant, Trans Union LLC (Negligent)**

158.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

159.   Upon information and belief, the BANA Accounts were removed from Plaintiff's Trans Union consumer report upon information and belief as a result of the a dispute investigation.

160.   Upon information and belief, Trans Union reinserted the fraudulent BANA Accounts into Plaintiff's consumer report and failed to provide notice to Plaintiff within five (5) business days as required by the FCRA.

161.   Plaintiff has never received notice as to the reinsertion or deletion of the BANA Accounts after the initial notice.

162.   As a direct result of the conduct, action and/or inaction of Trans Union, Plaintiff experienced injury, including without limitation, credit denials, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

163.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for damages pursuant to 15 U.S.C. § 1681o.

164.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Trans Union for actual damages, attorney's fees, litigation expenses, costs of suit, and such further relief as deemed proper.

## **COUNT XVII**
### **(Violation of 15 U.S.C. § 1681i(a)(5)(B)(ii)**
### **Defendant, Trans Union LLC (Willful)**

165.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

166.   Upon information and belief, the BANA Accounts were removed from Plaintiff's Trans Union consumer report upon information and belief due to an investigation as to Plaintiff's disputes.

167.   Upon information and belief, Trans Union reinserted the BANA Accounts onto Plaintiff's consumer report.

168.   Trans Union failed to provide notice to Plaintiff within five (5) business days as required by the FCRA. Plaintiff has never received notice as to the reinsertion and/or deletion of the BANA Accounts.

169.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, credit denials; loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

170.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

171.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Trans Union for actual damages, statutory damages, punitive damages, attorney's fees, litigation expenses, costs of suit, and such further relief as deemed proper.

**COUNT XIX**
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, Bank of America, N.A. (Negligent)**

172.    Plaintiff re-alleges and incorporates paragraphs one (1) fifty-seven (57) above as if fully stated herein.

173.    BANA furnished inaccurate account information to the CRAs and through those CRAs to all of Plaintiff's potential lenders.

174.    After receiving Plaintiff's disputes, BANA violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

175.    Plaintiff provided all the relevant information and documents necessary for BANA to have identified that the alleged debt was fraudulent.

176.    BANA did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to BANA by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which

to confirm and recognize that Plaintiff was a victim of identity theft, especially with supportive documentation including but not limited to a FTC Report.

177.   BANA violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

178.   As a direct result of this conduct, action, and/or inaction of BANA, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

179.   The conduct, action, and inaction of Best Egg was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

180.   Plaintiff is entitled to recover costs and attorney's fees from BANA in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, Ramon S. Aminov, respectfully requests that this Court award actual damages against Defendant, Bank of America, N.A., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and

post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XX
### Violation of 15 U.S.C. § 1681 s-2(b) as to Defendant, Bank of America, N.A. (Willful)

181.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-seven (57) above as if fully stated herein.

182.   BANA furnished inaccurate account information to the CRAs and through those CRAs to all of Plaintiff's potential lenders.

183.   After receiving Plaintiff's disputes, BANA violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

184.   Plaintiff provided all the relevant information and documents necessary for BANA to have identified that the alleged debt was fraudulent.

185.   BANA did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient

evidence by which to have verified that Plaintiff was not the responsible party, including information provided to BANA by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

186.   BANA violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

187.   As a direct result of this conduct, action, and/or inaction of BANA, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

188.   The conduct, action, and inaction of BANA was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

189.   Plaintiff is entitled to recover costs and attorney's fees from BANA in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, Ramon S. Aminov, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Bank of America, N.A. , jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff,  Ramon S. Aminov, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, Equifax Information Services LLC, Experian Information Solutions, Inc., Trans Union LLC, and Bank of America, N.A., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED 23rd day of January 2026.

Respectfully submitted,

*/s/ Octavio Gomez, Esq.*
Octavio Gomez, Esq.

Florida Bar No.: 0338620
Georgia Bar No.: 617963
Pennsylvania Bar No.: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd., Ste 610
Tampa, Florida 33602
Telephone: 813.299.8537
Facsimile: 844.951.3933
Tav@TheConsumerLawyers.com
Lisa@TheConsumerLawyers.com
*Attorney for Plaintiff*